# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1053

_____

United States of America,                      *
                                               *
            Appellee,                          *
                                               *    Appeal from the United States
    v.                                         *    District Court for the
                                               *    District of Nebraska.
Adil Gasim Al-Dabbi,                           *    [UNPUBLISHED]
                                               *
            Appellant.                         *

_____

Submitted: March 6, 2006
    Filed: August 10, 2006

_____

Before LOKEN, Chief Judge, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

        This case is before us on remand from the Supreme Court for reconsideration in light of Booker v. United States, 543 U.S. 220 (2005).  Having reconsidered Adil Gasim Al-Dabbi's sentence, we reinstate our panel opinion and affirm the sentence.

        The facts of this case are set forth in United States v. Al-Dabbi, 388 F.3d 1145 (8th Cir. 2004), cert. granted, vacated by 126 S. Ct. 590 (2005), and we repeat and supplement the facts here only as relevant to Al-Dabbi's Booker claim.

Al-Dabbi was convicted of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine in violation of 21 U.S.C. § 846. In preparing the presentence investigation report, the probation officer attributed 1.49 kilograms of cocaine base to Al-Dabbi, found that his base offense level was 36, recommended a four-level enhancement for role in the offense and a two-level enhancement for obstruction of justice, and determined his criminal history category was II. The resulting offense level of 42 carried a sentencing range of 360 months to life imprisonment. Al-Dabbi did not object to any of these findings.

In its preliminary findings, the district court[1] determined that the obstruction of justice enhancement was not warranted and that a two-level enhancement for role in the offense was appropriate. The government objected, and the district court denied the government's objection to the denial of an obstruction of justice enhancement, but stated that it would consider the extent of the role enhancement. At sentencing, the district court found that a three-level role enhancement was appropriate and determined that Al-Dabbi's total offense level was 39, that his criminal history category was II, and that the sentencing range was thus 292 months to 365 months. The district court sentenced Al-Dabbi to 292 months' imprisonment and five years' supervised release.

Because Al-Dabbi failed to object to the sentence enhancements based on Apprendi,[2] Blakely,[3] or the Sixth Amendment, we review the claim for plain error. United States v. Pirani, 406 F.3d 543, 549 (8th Cir.) (en banc), cert. denied, 126 S. Ct. 266 (2005). We remand for resentencing only if Al-Dabbi establishes that there was

---

[1]The Honorable Richard G. Kopf, then Chief Judge, United States District Court for the District of Nebraska.

[2]Apprendi v. New Jersey, 530 U.S. 466 (2000).

[3]Blakely v. Washington, 542 U.S. 296 (2004).

error that was plain and that affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993); Pirani, 406 F.3d at 549. To show that the sentence affected his substantial rights, Al-Dabbi must show that the district court likely would have granted a lesser sentence had the district court not treated the guidelines as mandatory. Pirani, 406 F.3d at 553.

Although the district court plainly (and understandably) erred in treating the guidelines as mandatory when it enhanced Al-Dabbi's sentence, Al-Dabbi has failed to establish that the error affected his substantial rights. Al-Dabbi argues that because he was sentenced at the bottom of the guidelines range, the district court would have likely given him a more favorable sentence if the Guidelines had been treated as advisory. In Pirani, however, we held that sentencing at the bottom of the range "is insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence absent the Booker error." Id.

Next, Al-Dabbi argues that this case should be remanded because the district court reversed its tentative findings and because it was uncertain about Al-Dabbi's exact role in the conspiracy. The district court, however, found that Al-Dabbi "performed various managerial roles" and concluded that a three-point enhancement for role was proper. Sentencing Tr. at 4. Before hearing from the parties at the sentencing hearing, the district court stated that "I'm inclined to think that a sentence at the low end of the guideline range in this case, which is certainly not low, is appropriate." Sentencing Tr. at 5. Having reviewed the record as a whole, we see no indication that the district court would have sentenced Al-Dabbi differently had it viewed the guidelines as merely advisory. "[W]here the effect of the error on the result in the district court is uncertain or indeterminate—where we would have to speculate—the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error." Pirani, 406 F.3d at 553 (internal quotation omitted).

The sentence is affirmed.

_____